Paul Colon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, December 21, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Paul Colon,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 4, 1980:

Paul Colon (Petitioner) has filed a Petition for Review to our original jurisdiction challenging the action of the Pennsylvania Board of Probation and Parole (Board) in allegedly revoking his parole without a revocation hearing and in allegedly re-entering the Petitioner to serve additional time on an expired sentence. The matter is before us on cross motions for summary judgment. Finding no dispute with respect to material facts, we will dispose of the case pursuant to the provisions of Pa. R.C.P. No. 1035.

Petitioner's first arrest and sentence occurred in Philadelphia County where he was sentenced to a term of one and one-half to seven years on November 10, 1972, effective December 14, 1971. He was paroled on July 30, 1973 after having served one year, seven months and sixteen days. He was arrested on new charges on September 13, 1973 and, after a timely revocation hearing, was recommitted on October 2, 1974 to serve the five years, four months and fourteen days remaining on the maximum term of his original sentence.

While in prison, Petitioner was arrested for assault by prisoner and sentenced on December 5, 1974 to serve not less than one nor more than two years "following current sentence." On July 6, 1977, Peti-

tioner was reparoled on his original sentence to the detainer lodged against him by virtue of the sentence imposed December 5, 1974. At that time, Petitioner had served five years, five months and nine days of his original sentence, leaving one year, six months and twenty-one days to serve on the maximum of that sentence. At that time, of course, Petitioner also had a minimum of one and a maximum of two years to serve on the prisoner assault charge.

On January 18, 1978, Petitioner was again arrested on a new charge of assault by prisoner and on April 19, 1978, he was sentenced to a term of not less than one nor more than two years to commence at the expiration of his then current sentence. That sentence, it will be remembered, is the one to two year sentence Petitioner began to undergo July 6, 1977.

On June 1, 1978, Petitioner was afforded a full board revocation hearing, which he and his counsel attended. Following that hearing, the Board took the following actions: (1) recommitted him as a parole violator when available to "six months on back time" on June 7, 1978; (2) on June 20, 1978, refused parole as to first prisoner assault charge and directed Petitioner to serve maximum on that sentence; and (3) on June 18, 1979, *reaffirmed* Petitioner's recommitment as a convicted parole violator and recomputed Petitioner's maximum on his original sentence as of July 6, 1979, the date the maximum sentence on the first prisoner assault charge would expire.

Obviously, Petitioner's claim that he was not present at a Board hearing on June 18, 1979[1] is without merit. There was no *hearing* on June 18, 1979. The Board's action in reaffirming Petitioner's recommitment relates back to the original revocation hearing

---

[1] Petitioner claims the date was June 20, 1979, but that fact is not a material one.

held June 1, 1978. No prisoner is entitled as a matter of law to attend a meeting of the Board where official action is taken. The time lag between the hearing date and the Board's official action of which Petitioner now complains was in no way prejudicial to him because he was serving time on other sentences.

Concerning the alleged error in the recomputation of back time, the real error lies in the Petitioner's assumption . maximum time on his original sentence had expired when the Board acted on June 18, 1979. When Petitioner was reparoled in July of 1977, he still "owed" on his original sentence one year, six months and twenty one days. His own misconduct caused the Board to require him to serve his maximum sentence on the first assault charge. Petitioner apparently believes that he was serving his reparole time concurrently with his prison time. This is not true because he was specifically reparoled to a detainer. While Petitioner was not at liberty from the institution, he was at liberty from his original sentence. *United States ex rel. Henderson v. Pennsylvania*, 287 F. Supp. 372 (W.D. Pa. 1968). Had he been "on the street" there is no question that his back time would be assessed against him. See Section 21.1(a) of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a). Therefore, the Board was within its authority when it recomputed the expiration date of Petitioner's maximum original sentence to be January 27, 1981, that being one year, six months and twenty one days from July 6, 1979, the date of the expiration of the Petitioner's maximum interim sentence.

### Order

And Now, this 4th day of March, 1980, the motion of Paul Colon for summary judgment is denied, the cross motion for summary judgment filed by the

Pennsylvania Board of Probation and Parole is granted and judgment is entered for the Pennsylvania Board of Probation and Parole.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.