570 A.2d 1390

**George E. OLIVER, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 1990.

Decided March 5, 1990.

. John C. Armstrong, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and COLINS, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

George Oliver appeals an order of the Pennsylvania Board of Probation and Parole that denied his petition for administrative relief, in which he asked the board for a redetermination of the starting date for his backtime. We affirm the board.

On December 11, 1986 the board released Oliver on parole from a three-to-ten year sentence. Oliver was arrested on July 20, 1987 on various charges, which were dismissed on August 13, 1987. On September 19, 1987, Oliver was arrested again on aggravated assault charges. The board lodged a detainer on September 21, 1987, pending the disposition of Oliver's most recent criminal charges.

On February 17, 1988, while confined in Philadelphia County Prison awaiting trial on the charges relating to his arrest in September, Oliver, who was unable to make bail, was arrested again on charges stemming from the incidents relating to his arrest in July, 1987.

Ultimately, the trial court imposed two sentences on Oliver, one sentence of one-to-five years relating to his September arrest, and another for six-to-twenty-three months relating to his February arrest, to be served concurrently. Oliver was returned to the State Correctional Institution at Graterford on July 8, 1988.

The board held a revocation hearing on October 5, 1988. The board recommitted Oliver as of December 16, 1988 and

mailed its decision to him on January 17, 1989. The order recommitted Oliver to serve twenty-four months backtime when available. On April 14, 1989, the board issued a notice to Oliver which indicated that his reparole date would be December 16, 1990, twenty-four months after the board's recommitment date. Oliver filed an application for administrative relief from that decision, seeking an earlier reparole date by claiming that the board should have calculated his backtime from October 5, 1988, the date of the board's revocation hearing, rather than from the date on which the board recommitted him.

The board denied Oliver's petition, noting this court's decision in *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 454, 409 A.2d 980 (1980), which holds that the date of board recommittal, rather than the date upon which a parolee receives a sentence for a new conviction, is the date from which backtime commences.

In this appeal, Oliver asks the court to reconsider our decision in *Campbell*, because dating his backtime on his old sentence from the date of recommittal, rather than from the date of his revocation hearing will produce an unfair result, in that he will have already passed the minimum date of his new sentence—thus precluding an early parole on that sentence—when his twenty-four months of backtime on the original sentence, as the board would calculate it, shall have expired.

Essentially what Oliver is asking us to do is to carve out a new rule that would require or allow the board to calculate backtime from the date of board revocation hearings.

Implicitly, the application of the *Campbell* rule in this case presents a situation in which two statutory provisions regarding parole appear to conflict. Section 21 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21 states that "[t]he power to parole herein granted to the Board of Probation and Parole may not be exercised at any time before, but only after, the expiration of the minimum term of imprisonment...."

Although that provision vests in the board the discretionary power to parole a prisoner as soon as he has completed his minimum term, courts must necessarily defer the exercise of that discretion, in a case such as this, because the statutory language of section 21.1 instructs that the date of recommittal constitutes the date from which the board must calculate the commencement of backtime on the original sentence. *Campbell.*

The availability of parole is not a constitutional guarantee; the mere possibility of parole does not afford constitutional rights to a prisoner. *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 333, 514 A.2d 967 (1986).

Thus, we conclude that the board's discretionary power to grant parole after the completion of a minimum sentence must yield to the statutory directive that the board compute backtime from the date of recommitment.

## ORDER

Now, March 5, 1990, we affirm the decision of the board.