647 A.2d 284

**Robert MAJOR, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 1994.

Decided Aug. 17, 1994.

John E. Kravitz, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before McGINLEY, and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Robert Major (Petitioner) appeals from a determination of the Pennsylvania Board of Probation and Parole (Board) that found him guilty of violating his parole and recommitted him to the State Correctional Institute at Graterford (SCIG) for a period of eighteen months. We affirm.

On March 17, 1983, the Board paroled Petitioner from a burglary sentence of two to ten years. On April 9, 1991, while

on parole, Petitioner was arrested and charged with burglary, theft by unlawful taking, theft of moveable property and theft by receiving stolen property.[1] On February 3, 1992, Petitioner pleaded guilty to the 1991 offense in the Court of Common Pleas of Montgomery County and was sentenced to serve a term of eighteen to fifty-nine months in the Montgomery County Correctional Facility (MCCF).

On February 5, 1992, while confined in the MCCF, Petitioner waived his right to a hearing before a panel of the Board. On February 14, 1992, Petitioner's supervising parole agent obtained a certified copy of the court document attesting to Petitioner's guilty plea. The Board held a revocation hearing on June 10, 1992, and subsequently mailed Petitioner a revocation decision which recommitted him to serve eighteen months in a state correctional institution as a convicted parole violator "when available," meaning when he was released from the MCCF.

Petitioner appealed the revocation decision to this Court, which remanded the matter to a rehearing on the Board's motion because the tape recording of the initial hearing was defective. On December 17, 1992, the Petitioner was afforded a rehearing. On January 22, 1993, the Board issued an order recommitting Petitioner to serve the eighteen months backtime.

On April 26, 1993, the Petitioner requested administrative review by the Board. His petition was denied by the Board's decision of September 16, 1993. Petitioner appeals.

■ Petitioner raises one issue for our review: whether the Board erred in failing to provide Petitioner with a timely revocation hearing. Petitioner contends that no hearing was held within 120 days from his February 5, 1992, waiver of a panel hearing, and that a hearing was required to be held within this time.

The 120-day period for holding a revocation hearing is prescribed by 37 Pa.Code § 71.4(1), which provides as follows:

1. Petitioner was first paroled on March 17, 1983, and was subsequently recommitted and reparoled four times before his arrest in April of 1991.

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

Petitioner contends that this section required the Board to hold his hearing within 120 days from the time that he waived his right to a revocation hearing, relying upon this Court's decision in *D'Nicuola v. Pennsylvania Board of Probation and Parole,* 78 Pa.Commonwealth Ct. 587, 467 A.2d 1383 (1983).

In *D'Nicuola,* the petitioner, Thomas D'Nicuola (D'Nicuola), filed a petition for review with this Court on the basis that he had been denied a timely parole revocation hearing. This Court determined that D'Nicuola's contention that his hearing had been held outside of the 120–day limitation was based upon D'Nicuola's misapprehension of the facts of his case. The Court stated that while D'Nicuola waived his right to a parole hearing before the full Board on June 19, 1979, and was afforded a timely hearing on July 27, 1979, D'Nicuola improperly alleged that his hearing was not held until June 27, 1980, the date on which he was seen and heard in person by a Board district supervisor concerning the parole decision, as required by law. The Court stated further:

On June 19, 1979, petitioner executed waiver of his right to a full Board revocation hearing. At the time he signed the waiver, he was confined at the Northampton County Prison pending sentencing on his June 14, 1979 conviction for voluntary and involuntary deviate sexual intercourse. Thereafter, pursuant to Section 71.4(2)(i),[2] the Board acquired jurisdiction over D'Nicuola on June 19, 1979, *and the 120–day period within which the Board was required to hold a hearing began to run when petitioner came within its jurisdiction on that date.* (Emphasis added.)

*D'Nicuola,* 78 Pa.Commonwealth Ct. at 592, 467 A.2d at 1385–86. In the present case, Petitioner's June 10, 1992, hearing was held more than 120 days from February 5, 1992, the date he waived his right to a full Board hearing.

The Board alleges, first, that our statement in *D'Nicuola* concerning the running of the 120–day period is dicta, and second, that it is based upon a misreading of the code section. The Board contends that the 120–day period does not begin to run when the prisoner waives his right to a full Board hearing, regardless of the fact that he is then deemed to be within the jurisdiction of the Board. The Board contends that the 120–day period does not begin to run for a convicted parole

2. The relevant subject matter of Section 71.4(2)(i) is currently encompassed by Section 71.4(1)(i), after the Section was amended in 1988. The substance of the section was not changed, although Section 71.4(2)(i) dealt with what is now the subject matter of both Section 71.4(1)(i) and Section 74.1(1)(ii). The former Section 71.4(2)(i), as it appears in *D'Nicuola,* reads as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex. rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. *The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.* (Emphasis in original).

*D'Nicuola,* 78 Pa.Commonwealth Ct. at 591–92, 467 A.2d at 1385.

violator until the Board receives the evidence necessary to prosecute him, namely the certification of his conviction or plea, and that to rule otherwise creates a second exception in Section 71.4(1) where the Board enacted only one.

It is clear from the language of Section 71.4(1) that only one exception is created to the general rule that the 120–day period begins to run from the time the Board receives notification of the conviction or plea, that being where the prisoner is confined outside the jurisdiction of the Department of Corrections. The effect of Section 71.4(1)(ii) is that the exception is *not* applicable where the prisoner executes a waiver. The Board notes that it construes the section as a whole to mean that where a convicted parole violator is in fact confined in a county prison the 120–day period does not begin to run until his return to a state correctional institution unless he waives his right to a panel revocation hearing, in which case the 120 days begin to run on the date of official verification of the guilty plea, or the date of the waiver, whichever is later. We note that the Board's construction of its own regulation is entitled to great weight. *Leese v. Pennsylvania Board of Probation and Parole,* 131 Pa.Commonwealth Ct. 448, 570 A.2d 641 (1990), particularly where, as here, it is consistent with the language of the statute.

For the reasons stated above, we hold that Petitioner's hearing was timely. The decision of the Board is affirmed.

### *ORDER*

AND NOW, this 17th day of August, 1994, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.