**Reginald D. HARRIS, Sr., Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1995.

Decided Oct. 27, 1995.

David Crowley, Chief Public Defender, for petitioner.

Robert A. Greevy, Chief Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Reginald D. Harris, Sr. petitions for review of a decision by the Pennsylvania Board of Probation and Parole which denied his request for administrative relief. We affirm.

On April 7, 1987, Harris was sentenced to incarceration for five to ten years for robbery and for violation of the Pennsylvania Uniform Firearms Act.[1] Harris was paroled effective November 27, 1991.

---

1. 18 Pa.C.S. §§ 6101–6124.

In a decision mailed on November 4, 1992, Harris was recommitted to a state correctional institution as a convicted parole violator to serve twenty months of backtime for the offenses of corruption of minors and recklessly endangering and receiving stolen property. Harris was reparoled on January 20, 1994.

On March 24, 1994, the board issued a warrant to commit and retain Harris pending disposition of criminal charges against him. Harris was charged with possession of a controlled substance, unlawful delivery of a controlled substance and possession with intent to deliver a controlled substance. On August 25, 1994, Harris pled guilty to possession of a controlled substance. On September 6, 1994, the board received verification of Harris's plea. On September 12, 1994, Harris requested a panel hearing with respect to revocation of his parole. On October 18, 1994, Harris was sentenced to imprisonment for a term of six to twenty-three months in the Cambria County Jail for possession of a controlled substance.

On November 8, 1994, Harris was transferred from the Cambria County Jail to the State Correctional Institution at Cresson. On February 2, 1995, Harris was notified that his revocation hearing was scheduled for February 15, 1995. By revocation decision mailed on March 10, 1995, the board recommitted Harris to a state correctional institution as a convicted parole violator for a period of twelve months for the offense of possession of a controlled substance.

On March 21, 1995, Harris filed an administrative appeal with the board alleging, among other things, that his revocation hearing was not held in a timely manner. By a determination mailed on April 13, 1995, the board denied Harris's administrative appeal. He now appeals to this court.[2]

■ In this appeal, Harris raises the sole issue of whether the board violated its own regulatory requirements by failing to conduct a revocation hearing within 120 days of its receipt of official verification of Harris's new conviction.

The 120–day period for holding a revocation hearing for convicted parole violators is prescribed by 37 Pa.Code § 71.4(1) which provides as follows:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

This court has stated that it is clear from the language of section 71.4(1)(i) that only one exception is created to the general rule that the 120–day period begins to run from the time the board receives notification of the conviction or plea, that being where the prisoner is confined outside the jurisdiction of the Department of Corrections. *Major v. Pennsylvania Board of Probation and Parole*, 166 Pa.Cmwlth. 637, 647 A.2d 284 (1994). This court has further stated that

---

2. This court's scope of review of a decision by the board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Gaito v. Pennsylvania Board of Probation and Parole*, 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied*, 525 Pa. 589, 575 A.2d 118 (1990).

where a parolee is confined to a county institution, the 120–day time limit does not begin to run for purposes of parole revocation until the board receives official verification of the parolee's transfer to a state correctional facility. *Major; McMahon v. Pennsylvania Board of Probation and Parole*, 125 Pa. Cmwlth. 586, 559 A.2d 595 (1989).

In the present case, Harris was outside the jurisdiction of the Department of Corrections when he was confined at the Cambria County Jail to serve his sentence for possession of a controlled substance. The record reflects that he did not waive his right to a revocation hearing by a panel with respect to his parole. Certified Record at 35. Harris was returned to a state correctional facility on November 8, 1994. His revocation hearing was held ninety-nine days later on February 15, 1995. As such, Harris's revocation hearing was held within the applicable 120–day time period.

■ Harris asserts that a "hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*," as specified in 37 Pa.Code § 71.4(1)(i), is a hearing before a quorum of the entire Board. However, Harris argues that, since parolees no longer have the right to a hearing before a *quorum* of the board, due process precludes the board from extending the 120–day deadline based upon his failure to waive a right that he did not possess. We disagree.

In section 4 of what is commonly referred to as the Parole Act,[3] the Pennsylvania Legislature allowed revocation decisions to be made by panels of two persons. 61 P.S. § 331.4. Section 4 provides, in pertinent part, as follows:

(a) A majority of the board shall constitute a quorum for transacting business and, except as hereinafter otherwise provided, a majority vote of those present at any meeting shall be sufficient for any official action taken by the board. Except as provided in subsections (b), (c) and (d), no person shall be paroled, discharged from parole, or the parole of any person revoked, except by a majority of the entire membership of the board.

(b) The board may make decisions on parole, reparole, return or revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members. Panels shall be appointed by the chairman or the chairman's designee.

*Id.*

The fact that decisions on parole revocations may be made by panels of two persons does not invalidate the provisions of 37 Pa. Code § 71.4(1)(i) which set forth the time limits for holding a revocation hearing for a convicted parole violator who is confined outside the jurisdiction of the Department of Corrections. Accordingly, we conclude that the board did not err in determining that Harris's revocation hearing was timely. Therefore, we affirm its decision.

### ORDER

NOW, this 27th day of October, 1995, the decision of the Pennsylvania Board of Probation and Parole, dated April 12, 1995, denying administrative relief to Reginald D. Harris, Sr., is hereby affirmed.

■

**3.** Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.4.