# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Taylor, : 
                Petitioner : 
                 : 
        v. : No. 405 C.D. 2018
                 : Submitted: August 3, 2018
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: August 28, 2018**

Keith Taylor (Taylor) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his petition for administrative review following a Board recommitment order. Taylor argues the Board erred in determining his custody for return date when it recalculated his maximum sentence date. Because the Board properly determined Taylor's custody for return date, we affirm.

## I. Background

In 2012, the Delaware County Court of Common Pleas (trial court) sentenced Taylor to 7 months to 1 year and 11 months in prison based on his convictions for riot and criminal conspiracy, as well as 2 years and 6 months to 5 years in prison based on his two convictions for aggravated assault. The sentences were to run concurrently. Taylor's original minimum and maximum sentence dates were March 5, 2015 and September 5, 2017, respectively.

In April 2015, the Board released Taylor on parole. In March 2016, police arrested Taylor on several new charges. Taylor was detained in the Delaware County Prison; he did not post bail on the new charges. The Board lodged its detainer to commit and detain Taylor on March 23, 2016. About two months later, additional criminal charges were filed against Taylor.

Taylor pled guilty in connection with the first set of new charges to possession with intent to deliver a controlled substance and prohibited firearm possession. The trial court sentenced Taylor to 15 to 30 months in prison on the drug conviction and 5 to 10 years in prison on the firearm conviction to be served concurrently in a state correctional institution (SCI).

In addition, Taylor pled guilty to three counts of delivery of a controlled substance in connection with the second set of new criminal charges. The trial court sentenced Taylor to 21 to 48 months on each count to be served concurrently in an SCI.

Shortly thereafter, the Board provided Taylor with a notice of charges and hearing in connection with his new convictions. Taylor waived his right to a revocation hearing and to counsel and admitted to the five new convictions.

On October 6, 2016, the Board's hearing examiner voted, and on October 21, 2016, a second Board member voted, to recommit Taylor as a convicted parole violator (CPV), with no credit for time spent at liberty on parole. The Board decision recommitted Taylor as a CPV for his unexpired term of 2 years, 4 months,

2

and 30 days (883 days) based on his new convictions. As a result of his recommitment as a CPV, the Board recalculated Taylor's maximum sentence date as March 23, 2019.

Taylor filed a petition for administrative review, which the Board denied. He now petitions for review to this Court.

## II. Discussion
### A. Contentions

On appeal,[1] Taylor argues the Board incorrectly set his custody for return date as October 21, 2016, rather than the date it officially verified his convictions or the date he waived his right to a revocation hearing. As a result, he asserts the Board's calculation of his new maximum sentence date must be corrected.

More particularly, Taylor challenges the Board's determination he was within its custody, and thus able to begin serving the remainder of his original sentence, on October 21, 2016. Although this was the date the Board took official action to order his recommitment, Taylor maintains, it was not the date he was within the Board's custody. He argues that jurisdiction over a CPV is governed by 37 Pa. Code §71.4(1).[2] Taylor asserts that, based on this regulation, where a CPV is

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 74 (Pa. Cmwlth. 2013).

[2] Section 71.4(1) of the Board's regulations states:
    The following procedures shall be followed before a parolee is recommitted as a convicted violator:

confined in county jail, the 120-day period for holding a revocation hearing does not begin to run until his return to an SCI unless he waives his right to a revocation hearing, in which case the period begins to run on the date of official verification of the conviction, or the date of the waiver, whichever is later. Major v. Pa. Bd. of Prob. & Parole, 647 A.2d 284 (Pa. Cmwlth. 1994).

As a result, Taylor contends, he was within the Board's jurisdiction well before its decision was perfected on October 21, 2016. He maintains that he executed a waiver of the right to a panel hearing—and, in fact, to any revocation hearing—on September 16, 2016. Based on Section 71.4(1) of the Board's regulations, Taylor argues, he was in its custody by that date. D'Nicuola v. Pa. Bd. of Prob. & Parole, 467 A.2d 1383 (Pa. Cmwlth. 1983). Even before he executed the

---

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with Commonwealth ex rel. Rambeau v. Rundle, [314 A.2d 842 (Pa. 1973)], the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

> (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the Rambeau decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa. Code §71.4(1).

4

waiver, Taylor asserts, the Board received official verification of his new convictions on September 9, 2016. Thus, Taylor contends he was within the Board's jurisdiction on that date based on Section 71.4(1)(ii) of the Board's regulations. McClinton v. Pa. Bd. of Prob. & Parole, 546 A.2d 759 (Pa. Cmwlth. 1988).

Whether this Court determines Taylor was within the Board's jurisdiction as of the date the Board verified his new convictions (September 9, 2016), or the date he waived his right to a revocation hearing (September 16, 2016), Taylor maintains, he was within the Board's jurisdiction for over a month prior to the date the Board set as his custody for return date. Because this date is used to determine Taylor's new maximum sentence date, he argues, his maximum sentence date must be corrected.

Taylor asserts a parolee recommitted as a CPV must serve backtime on his original sentence before serving his new sentence when each sentence is to be served in an SCI. See 61 Pa. C.S. §6138(a)(5)(i). He contends such is the case here. As such, Taylor argues, he was required to begin serving backtime on his original sentence as soon as he was in the Board's custody. As explained above, Taylor asserts, that date was either September 9 or September 16, 2016.

Taylor contends that when he was paroled in April 2015, the remainder of his original sentence was 883 days. He maintains that, if he was within the Board's custody on the date the Board verified his new convictions, his maximum sentence date would be February 8, 2019. Alternatively, if he was in the Board's custody on the date he waived his right to a revocation hearing, his maximum sentence date would be February 15, 2019. Because the Board incorrectly used

5

October 21, 2016, as the date he was in its jurisdiction, Taylor asserts, the Board calculated his maximum sentence date as March 23, 2019. He contends the date the Board used is incorrect; as such, he asks that this Court correct his maximum sentence date to February 8 or February 15, 2019.

The Board responds that it is uncontested that Taylor was properly recommitted as a CPV. The Board asserts Taylor's sole argument is that the Board did not properly recalculate his maximum sentence date because the Board used an incorrect custody for return date. The Board contends that this Court consistently holds that a CPV does not become available to serve backtime on his original sentence until his parole is revoked, which occurs at his recommitment. The Board maintains Taylor's parole was not revoked until October 21, 2016, when the Board obtained the necessary signatures to recommit him as a CPV. The Board argues it properly used October 21, 2016 as the custody for return date, and adding the 883 days of backtime Taylor owed toward his original sentence to Taylor's custody for return date, the Board correctly determined his new maximum sentence date as March 23, 2019.

**B. Analysis**

Section 6138 of the Prisons and Parole Code governs recommitment of CPVs. It states, as relevant (with emphasis added):

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during

6

the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

\* \* \* \*

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a [SCI] and the new sentence imposed on the person is to be served in the [SCI].

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(1), (4)-(5).

The requirement that a CPV serve the balance of his original sentence before beginning service of a newly-imposed sentence is only operative when

7

"parole has been revoked and the remainder of the original sentence becomes due and owing." Campbell v. Pa. Bd. of Prob. & Parole, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (quoting Richmond v. Commonwealth, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)) (emphasis added); accord McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993); Oliver v. Pa. Bd. of Prob. & Parole, 570 A.2d 1390 (Pa. Cmwlth. 1990).

The remainder of an original sentence becomes due and owing upon authorized Board action. Section 6113(b) of the Prisons and Parole Code authorizes the Board to act on revocation decisions in panels consisting of two persons. 61 Pa. C.S. §6113(b).

Here, a hearing examiner determined Taylor's parole should be revoked based on Taylor's admission to his five new convictions. Certified Record (C.R.) at 44. A little over two weeks later, a second Board member agreed with the hearing examiner's determination, as evidenced by the member's October 21, 2016 signature on the revocation hearing report. Id. Once the Board obtained the second required signature, it was authorized to revoke Taylor's parole. 61 Pa. C.S. §6113(b). As a result, the Board properly determined that the remainder of Taylor's original sentence became due and owing on October 21, 2016. C.R. at 82; see Wilson v. Pa. Bd. of Prob. & Parole, 124 A.3d 767 (Pa. Cmwlth. 2015) (no error in calculation of new maximum date, recommitment date for CPV is date Board obtains second

signature); Glushko v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1127 C.D. 2017, filed March 6, 2018), 2018 WL 1162606 (unreported) (same).[3]

Indeed, "this Court has long held that a [CPV's] custody for return date is determined by the date of the revocation of parole." Wright v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 877 C.D. 2015, filed November 5, 2015), slip op. at 8, 2015 WL 6829240, at *4 (unreported). As explained above, the Board revoked Taylor's parole on October 21, 2016, when it obtained the required signatures to do so; thus, the Board properly utilized that date as Taylor's custody for return date.[4] Wilson; Glushko; Wright.

Further, Taylor's reliance on Section 71.4(1) of the Board's regulations and case law construing that regulation, which relate to the running of the 120-day period in which the Board is required to hold a revocation hearing, is misplaced in light of the fact that timeliness of the Board's revocation hearing is not at issue here.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

---

[3] Pursuant to 210 Pa. Code §69.414(a), an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

[4] Taylor raises no issue regarding the amount of backtime he is required to serve. Indeed, he does not dispute that he owed 883 days when he was released on parole on April 6, 2015. Pet'r's Br. at 10. Rather, he only contests the Board's determination concerning his custody for return date, which, as explained above, the Board correctly determined. Using October 21, 2016, the date the second Board panel member signed the revocation and recommitment hearing report thereby effectively revoking Taylor's parole under 61 Pa. C.S. §6113(b), the Board added 883 days to arrive at Taylor's new maximum date of March 23, 2019. Certified Record at 82.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Taylor,             :
           Petitioner       :
                      :
           v.              :    No. 405 C.D. 2018
                      :
Pennsylvania Board of Probation    :
and Parole,                   :
           Respondent    :

## O R D E R

**AND NOW**, this 28th day of August, 2018, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge
