# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Burrell, : 
               Petitioner : 
                : 
    v. :   No. 308 C.D. 2019
                :   Submitted: August 23, 2019
Pennsylvania Board of : 
Probation and Parole, : 
               Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ROBERT SIMPSON, Judge[1]
             HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: November 13, 2019**


Nathan Burrell (Burrell) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from an order that recommitted him as a technical parole violator (TPV) and as a convicted parole violator (CPV) and recalculated his maximum sentence date. Burrell argues the Board incorrectly recalculated his maximum sentence date and denied him a timely recommitment hearing. Upon review, we conclude that Burrell did not receive credit for all his time in confinement; accordingly, we vacate and remand.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

## I. Background

On May 7, 2015, Burrell was released on re-parole in Pennsylvania. At that time, 1,102 days remained on his original sentence. While at liberty on parole, Burrell committed a series of new theft-related offenses in Pennsylvania, Virginia, and Maryland.

In August 2015, Virginia police issued a detainer for Burrell's arrest on theft-related charges. In September 2015, when Burrell failed to report to his Pennsylvania parole agent as instructed, he was found delinquent by the Board. This situation was the basis for a technical parole violation. In October 2015, the Board issued a warrant for his detention. During this period, when Burrell's whereabouts were unknown, new Pennsylvania theft-related charges were filed against Burrell.

In January 2016, Maryland police arrested Burrell on new charges there. He remained in Maryland. In May 2016, Burrell pled guilty in a Maryland court and received a three-year sentence of incarceration. This situation was the basis for Burrell's first convicted parole violation. Thereafter, the Board was notified of Burrell's Maryland conviction, and it lodged a warrant for his detention, so he could be extradited to Pennsylvania when available.

In September 2016, Burrell was transferred from Maryland to Cumberland County, Pennsylvania, to deal with new charges there. While in the county prison, he signed Board forms waiving counsel and Board revocation hearings, and he admitted to a technical parole violation and a convicted parole violation based on the Maryland conviction. Certified Record (C.R.) at 81-83.

About two weeks thereafter, on October 18, 2016, Burrell pled guilty in Cumberland County, Pennsylvania, to some of his new Pennsylvania charges, and he received a 9- to 18-month sentence of incarceration. This situation was the basis for Burrell's second convicted parole violation.

Following the Cumberland County, Pennsylvania, sentencing, Burrell was returned to Maryland to serve the remainder of his three-year Maryland sentence. Burrell contends that prior to his return to Maryland the Board should have exercised its jurisdiction over him.

On February 6, 2017, while Burrell was still serving his Maryland sentence, the Board formally recommitted Burrell as a CPV on the Maryland conviction, based on his prior waivers and admissions (first recommitment). Burrell was recommitted to serve a total of 12 months' backtime, when available. Burrell contends he should have been available to serve backtime on his original sentence at the culmination of the recommitment process.

In August 2017, the Maryland Department of Corrections notified the Board of its intention to release Burrell to Virginia. The Maryland agency explained the August 2015 Virginia detainer preceded the Board's October 2015 detainer, and thus took priority. On September 25, 2017, upon the completion of his Maryland sentence, Burrell was transferred to Virginia. Burrell contends he should have been available to the Board, and available to serve backtime, once released from the Maryland sentence.

The Board subsequently notified Virginia of its existing warrant. In November 2017, Burrell pled guilty in a Virginia court and received a 12-month suspended sentence. On November 25, 2017, Burrell was transferred to State Correctional Institution-Benner (SCI) in Pennsylvania.

Again in Pennsylvania, Burrell waived his right to a panel revocation hearing based on the Cumberland County, Pennsylvania, conviction.[2] However, he elected to have a recommitment hearing before the Board, which occurred on March 16, 2018. At that time, his counsel objected to the timeliness of the recommitment hearing based on the Cumberland County, Pennsylvania, conviction.

On April 17, 2018, the Board revoked his parole and recommitted Burrell as a CPV to serve 12 months' backtime for his Cumberland County, Pennsylvania, conviction concurrent with the 12 months it had previously imposed for a technical parole violation and the Maryland convicted parole violation (second recommitment). The Board acknowledged Burrell's conviction in Virginia, but it directed that no further action be taken on that suspended sentence. The Board recalculated Burrell's maximum sentence date on his original sentence as December 1, 2020.

Burrell filed an administrative appeal, arguing he should be credited with backtime on his original sentence starting at the time of his first recommitment. According to Burrell, the Board violated the Prisons and Parole Code (Parole Code),

---

[2] Burrell initially waived his right to a panel revocation hearing based on the new Cumberland County, Pennsylvania, conviction on February 28, 2018. However, the hearing was rescheduled, and Burrell signed a second waiver as to the panel revocation hearing on March 8, 2018. C.R. at 233.

61 Pa. C.S. §6138(a)(5.1), by returning him to Maryland to complete his sentence there before serving backtime on his original Pennsylvania sentence. Also, Burrell again objected to the timeliness of the second recommitment hearing.

The Board denied Burrell's appeal, affirming its decision. The Board maintained Burrell was not available to begin serving his original Pennsylvania sentence until November 25, 2017, when he returned to Pennsylvania from Virginia. The Board determined Burrell's second recommitment hearing based on the Cumberland County, Pennsylvania, conviction was timely held within 120 days of the date Burrell became available. Burrell now petitions for review to this Court.[3]

## II. Discussion

Burrell argues the Board miscalculated his maximum sentence date on his original sentence and failed to afford him a timely second recommitment hearing. Although these are distinct issues, they are predicated on the same factual premise: Burrell contends he was available to the Board at a date earlier than November 25, 2017, when he was transferred from Virginia and arrived at SCI.

### A. Maximum Sentence Date

### 1.

Burrell contends that his backtime on his original sentence should have started to run on January 3, 2017 (during his first recommitment), rather than on November 25, 2017. January 3, 2017 is the date the second panel member approved

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Harmer v. Pa. Bd. of Prob. & Parole, 83 A.3d 293 (Pa. Cmwlth. 2014).

recommitment of Burrell as a CPV as a result of his Maryland conviction.[4]  Burrell objects to the accuracy of his availability date because Section 6138(a)(5.1) of the Parole Code, 61 Pa. C.S. §6138(a)(5.1),[5] "clearly requires that state parole backtime be served prior to an out[-]of[-]state sentence."  Pet'r's Br. at 12.  Adding 1,102 unserved days onto his original sentence, he contends his maximum date should have been calculated to be January 10, 2020, rather than December 1, 2020.  Id. at 20-21.

Alternatively, Burrell contends his backtime should have started to run on September 25, 2017, when he was released from his Maryland sentence.  He was sent to Virginia to face new charges there, he pled guilty to the Virginia charges on November 15, 2017, and he was given a suspended sentence.  Burrell was made available on the Board's detainer on that date, and he was physically returned to SCI on November 25, 2017. Burrell asserts the Virginia charges were resolved by November 15; thereafter, he was held for the next 10 days solely on the Board's warrant. Further, because his Virginia charges did not result in a sentence of incarceration, failure to credit his time in Virginia custody results in a "dead time

---

[4] The requirement that a convicted parole violator serve the balance of his original sentence before beginning service of a newly imposed sentence is only operative when "parole has been revoked and the remainder of the original sentence becomes due and owing." Campbell v. Pa. Bd. of Prob. & Parole, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (quoting Richmond v. Commonwealth, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)) (emphasis added); accord McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993); Oliver v. Pa. Bd. of Prob. & Parole, 570 A.2d 1390 (Pa. Cmwlth. 1990).

[5] Section 6138(a)(5.1) of the Parole Code, 61 Pa. C.S. §6138(a)(5.1), in relevant part, provides, "[i]f the parolee is sentenced to serve a new term of total confinement … by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term."  Paragraph (1) relates to the Board's discretion in recommitting parole violators. Id.

situation prohibited by our Supreme Court in [Martin v. Pennsylvania Board of Probation and Parole, 840 A.2d 299 (Pa. 2003)]." Pet'r's Br. at 22.

The Board concedes that Burrell's backtime should be computed from November 15, 2017, the date he was made available in Virginia on the Board's warrant. However, the Board argues that Burrell did not suffer a "dead time situation" in violation of Martin because he was given credit in Virginia against his suspended sentence. C.R. at 140.

**2.**

As to the January 3, 2017 date of computation, we reject this assertion. Burrell was in Maryland at the time, serving his Maryland sentence. At that time, Burrell was not available to the Board. See Brown v. Pa. Bd. of Prob. & Parole, 184 A.3d 1021 (Pa. Cmwlth. 2017) (holding the Board has no authority to remove a parolee that is confined outside of its jurisdiction).

Although 61 Pa. C.S. §6138(a)(5.1) requires a state sentence to be served before a subsequently imposed new sentence in another jurisdiction, this rule is "contingent upon the Board's ability to place [the parolee] into state custody." Byrd v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 347 C.D. 2018, filed Nov. 9, 2018), slip op. at 3, 2018 WL 5851789, at *2 (unreported) (emphasis added).[6] The Board is authorized to lodge a detainer in order to seek a parolee's return to serve backtime; however, the Board must wait until the parolee is returned to its jurisdiction, after having completed the sentence in the other jurisdiction. Brown

---

[6] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

(noting the Board's duty to take action beyond issuing a detainer is deferred until the parolee is returned to the SCI).

Further, for reasons more fully explained below pertaining to primary jurisdiction, we reject Burrell's related contention that the Board should have exercised its jurisdiction over him in October and November 2016 while he was temporarily housed in the county prison, and it should have declined to return him to Maryland until it dealt with his new Cumberland County, Pennsylvania, conviction.

**3.**

As to Burrell's alternative onset of backtime, September 25, 2017, both the Board and this Court discern some merit. The Board concedes that during some of this time Burrell was detained solely on the Board's warrant. As to the rest of the time, Martin compels the result Burrell seeks.

In Martin, our Supreme Court established that where, as here, a parole violator is confined on both new criminal charges and the Board's warrant, and it is not possible to award all of the credit on the new sentence because the period of presentence incarceration exceeds the maximum term of the new sentence, the credit must be applied to the offender's original sentence. The Court in Martin considered situations similar to that before us now, where new charges result in a sentence that does not include an initial period of incarceration, such as a sentence of probation. See, e.g., 840 A.2d at 305-06. The Court also disapproved of the concept of a "penal

checking account," where presentence confinement credits are deposited for possible future offset. Id. at 308-09.

Our review of Virginia criminal laws convinces us that a suspended sentence is not a sentence of initial incarceration. Moreover, it is akin to a sentence of probation in Pennsylvania, in that it may result in the future imposition of any sentence that could have been imposed originally upon a showing of misconduct within the period of suspension. See Code of Va. §19.2-306 (2016). Under these circumstances, whether Burrell was given credit in Virginia for presentence confinement there, it was not of immediate use to him, and it may never be of use to him. Under the rule of Martin, therefore, Burrell's presentence confinement in Virginia should be credited to his original sentence. Applying all the time Burrell served in Virginia prior to his suspended sentence against his original sentence in Pennsylvania results in a maximum sentence date of October 1, 2020 (September 25, 2017 + 1,102 days).

For these reasons, we conclude that the Board erred in recalculating Burrell's maximum sentence date; accordingly, we must vacate the recalculation portion of the Board's order and remand for recalculation of the maximum sentence date.

### B. Timeliness of Revocation Hearing

Burrell also maintains the Board did not afford him a timely revocation/recommitment hearing on the Cumberland County, Pennsylvania, conviction (second recommitment). The Board's regulations, which govern the

calculation period, require hearings to be held within 120 days from receipt of a guilty plea, pending a two-pronged exception:

> (i) <u>If a parolee is confined outside the jurisdiction</u> of the Department of Corrections, <u>such as confinement out-of-State</u>, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [314 A.2d 842 (Pa. 1973)], <u>the revocation hearing shall be held within 120 days</u> of the official verification of <u>the return</u> of the parolee to a State correctional facility.
>
> (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa. Code §71.4(1)(i) and (ii) (emphasis added); <u>see</u> <u>Major v. Pa. Bd. of Prob. & Parole</u>, 647 A.2d 284, 287 (Pa. Cmwlth. 1994) (Section 71.4(1) creates one exception with two parts).

Burrell contends he was not confined outside the Board's jurisdiction and that he was generally available to the Board in October and November 2016; therefore, his second recommitment hearing on March 16, 2018, more than 120 days later, was untimely.

10

Before October 2016, Burrell was serving his sentence in Maryland. He was transferred from Maryland to Cumberland County, Pennsylvania, to answer new charges there. During his time in Pennsylvania, Burrell remained in a county facility, not in a state correctional institution. While confined in the county facility, he signed Board forms by which he waived counsel and revocation hearings, and he admitted to a technical parole violation and a convicted parole violation (based on the Maryland conviction). C.R. at 81-83.

After pleading guilty to the new Cumberland County, Pennsylvania, charges, he was sentenced and returned to Maryland to complete his Maryland sentence. As discussed previously, based on Burrell's waivers and admissions as to a technical parole violation and convicted parole violation (arising from the Maryland conviction), the Board acted on recommitment thereafter (first recommitment).

Relying on Fumea v. Pennsylvania Board of Probation and Parole, 147 A.3d 610 (Pa. Cmwlth. 2016), Burrell urges the application of Section 6138(a)(5.1), and maintains the Board erred in returning him to Maryland before dealing with his new Cumberland County, Pennsylvania, conviction.

First, we reject the argument based on Fumea that the Board should have done more to exercise jurisdiction over Burrell while he was in Cumberland County, Pennsylvania. Unlike Fumea, where the Board could have immediately taken the parolee into custody before he started serving a new sentence, here Burrell

11

was already unavailable to the Board and subject to Maryland's primary jurisdiction when he was temporarily returned to Cumberland County, Pennsylvania.

When a parolee is transferred on new charges to another jurisdiction by judicial writ, he remains "in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person." Foley v. Pa. Bd. of Prob. & Parole, 195 A.3d 630, 632 (Pa. Cmwlth. 2018) (citation omitted). "[T]he receiving sovereign … is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him." Id. (emphasis added).

This is what happened here, with Maryland retaining primary jurisdiction, and Cumberland County, Pennsylvania, "borrowing" Burrell for the limited purpose of resolving the outstanding charges. Accordingly, Burrell was effectively confined outside the jurisdiction of the Department of Corrections during October and November 2016, even though he was temporarily housed in a Cumberland County, Pennsylvania, facility for a limited purpose during that time.

Second, this Court construes Section 71.41 to mean that where, as here, the CPV waives his right to a panel revocation hearing on the new conviction, the 120-day period does not begin to run until the date of official verification of the new conviction, or the date of the waiver of a revocation hearing, "*whichever is later*." Major, 647 A.2d at 287 (emphasis added); see also Taylor v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 405 C.D. 2018, filed August 28, 2018), 2018 WL 4089400 (unreported) (applying Major).

12

On March 8, 2018, Burrell executed (his final) waiver of his right to a panel revocation hearing on the Cumberland County, Pennsylvania, conviction. At the time he signed the waiver, Burrell was confined at SCI. Pursuant to Section 71.4(1)(ii), the Board acquired jurisdiction over Burrell on March 8, 2018, and "the 120-day period within which the Board was required to hold a hearing began to run when [Burrell] came within its jurisdiction on that date." D'Nicuola v. Pa. Bd. of Prob. & Parole, 467 A.2d 1383, 1385-6 (Pa. Cmwlth. 1983).

Under these circumstances, the March 16, 2018 hearing was timely.

### III. Conclusion

For the foregoing reasons, we vacate the recalculation portion of the Board's order and remand for recalculation of Burrell's maximum sentence date.

_____
ROBERT SIMPSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Burrell,                          :
                    Petitioner           :
                                         :
          v.                             :          No. 308 C.D. 2019
Pennsylvania Board of                    :
Probation and Parole,                    :
                    Respondent           :

## **O R D E R**

**AND NOW**, this 13th day of November 2019, the order of the Pennsylvania Board of Probation and Parole is **VACATED,** and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge