Curtis Lee Woods, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 3, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 16, 1983:

Petitioner Curtis Lee Woods has requested this Court to overturn the decision of the Pennsylvania Board of Probation and Parole (Board) recommitting him to prison as a technical and convicted parole violator.

The record in this case consists cheifly of a document entitled "Certificate of the Chairman of the Pennsylvania Board of Probation and Parole."[1] The Certificate of the Chairman merely recites and summarizes the events and proceedings which culminated in the Board's order recommitting petitioner to prison. The following dates and events, however, are

---

[1] The other documents contained in the record are the Board's recommitment order, the petitioner's application for administrative review of that order, and the Board's response to the application.

136

chronicled in both the Certificate of the Chairman and the statement of fact in petitioner's brief.

On June 6, 1977, petitioner was released on parole from a seven to twenty year sentence imposed on a second degree murder conviction. On February 24, 1979, while still on parole, Woods was arrested in Philadelphia and charged with various related weapons offenses. He was released on bail, but on June 1, 1979, was arrested in Dauphin County on charges of theft and theft by receiving stolen property. On that same date, criminal charges were filed against him in Lancaster County. Also on June 1, 1979, the Board filed a parole violation warrant against him, citing the new criminal charges and the violation of certain conditions of his parole.

On September 18, 1979, Woods was found guilty of forgery, theft, and receiving stolen property by the Lancaster County Court of Common Pleas, and was sentenced to a term of eight to twenty-three months, to be served at the Lancaster County prison. He was found guilty of theft by receiving stolen property by the Dauphin County court on October 16, 1979, and on January 7, 1980, was sentenced on those charges to serve a term of one to seven years in a state correctional institution. The record, such as it is, does not reveal the disposition of the charges brought against petitioner in Philadelphia.

Petitioner was granted parole on the Lancaster County sentence on March 6, 1980, and was transferred to the State Correctional Institution at Graterford on March 20, 1980. He was afforded both a hearing on the violation of the conditions of his parole and a revocation hearing on the new convictions before the Full Board on May 21, 1980; on June 11, 1980, the Board rendered its decision recommitting him to prison for thirty-six months as a technical and convicted parole violator. Thereafter, pursuant to 37 Pa. Code §71.5

(h), Woods applied to the Board for administrative review of its order. Following the denial of his application, he filed a petition for review with this Court.

The Board's regulations provide that, where a parolee has been convicted of a new criminal offense, a parole revocation hearing must be held within 120 days of the date the Board receives official verification of that conviction. 37 Pa. Code §71.4(2). However, if the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as in a county correctional institution, and the parolee *does not* waive his right to a Full Board revocation hearing,[2] the 120-day period begins to run when the parolee is returned to a state correctional institution. 37 Pa. Code §71.4(2)(i). A parolee confined in a county correctional facility who *does* waive his right to a Full Board revocation hearing is deemed to be within the jurisdiction of the Bureau of Correction beginning with the date of his waiver, and the 120-day period within which the Board is required to hold a revocation hearing begins to run as of that date. *Id.*

Following his September 18, 1979, conviction for forgery, theft, and receiving stolen property, petitioner was confined at the Lancaster County Prison until March 20, 1980, when he was transferred to the State Correctional Institution at Graterford. Woods did not waive his right to a Full Board revocation hearing while incarcerated at the county facility, and therefore, pursuant to 37 Pa. Code 71.4(2)(i), the Board was required to afford him such a hearing within 120 days of March 20, 1980. Petitioner's hearing was held on May 21, 1980, well within the prescribed time limitation.

Woods does not dispute that he received a timely Full Board revocation hearing, but advances an equal

[2] *See Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973).

protection argument based on the premise that, under 37 Pa. Code §71.4(2)(i), county-confined parolees who do not waive a Full Board revocation hearing are afforded treatment which impermissibly differs from that afforded county-confined parolees who do waive a hearing before the Full Board. The petitioner contends, in essence, that the aforesaid Section violates the right to equal protection of the law because, in many instances, parolees confined in county correctional institutions who do not waive a hearing before the Full Board must wait a longer period of time to receive their revocation hearings than county-confined parolees who do waive this right.

It is true that county-confined parolees who do not give up their right to a Full Board revocation hearing must often wait longer: this is so because the 120-day period does not commence during county confinement, but begins later, when such parolees are received at a state correctional institution. However, the Board has no responsibility to or for a parole violator until it has jurisdiction over him, see *Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982), and Section 71.4(2)(i) merely provides two different mechanisms by which the Board may obtain the jurisdiction necessary for its hearings and determinations to have validity. As such, it is not violative of the right to equal protection.

The petitioner next asserts that the hearing on the violation of the conditions of his parole was not timely held, and that, therefore, the charges of technical parole violations brought against him must be dismissed with prejudice. Where a parolee is charged with violating the conditions of his parole, the Board is required to hold a preliminary hearing within 15 days of either the arrest of the parolee on a Board warrant, or the lodging of the warrant as a detainer at the facility where the parolee is confined. 37 Pa. Code §71.2(3).

If probable cause to believe that the parolee has violated his parole conditions is found to exist, a violation hearing, if determined to be warranted, must be scheduled within 120 days of the preliminary hearing. 37 Pa. Code §§71.2(9), 71.2(11).

As we have noted above, the parties agree that Woods was afforded a violation hearing on May 21, 1980. We are unable to determine whether this hearing was timely held, however, because of the following factual disputes, which we cannot resolve due to the inadequacy of the record. First, the petitioner states in his brief that his preliminary hearing was held on June 25, 1979. In the Certificate of the Chairman, however, it is noted that Woods appeared before a hearing examiner for his preliminary hearing on June 12, 1979.[3] Thus, we are unable to determine when the 120-day period began to run. It is also recited in the Certificate of the Chairman that petitioner appeared before the Full Board for a violation hearing on August 23, 1979, and again on January 29, 1980, but requested a continuance of the hearing on both occasions. The petitioner, on the other hand, denies that any requests for a continuance were made. A determination of what actually occurred is crucial, because any periods of delay in conducting the violation hearing which were the result of the alleged requests for a continuance would be excluded from the calculation of the 120-day period. 37 Pa. Code §71.5(i)(2).

We are confronted by an additional factual dispute which cannot be resolved on the basis of this record. The petitioner asserts that he was denied his right to representation by counsel at his violation and revoca-

---

[3] The Certificate of the Chairman also states that Woods waived his right to a preliminary hearing at that time. If this is what actually occurred, the Board would still be required to conduct a violation hearing within 120 days of the date petitioner appeared for the preliminary hearing and executed the waiver.

tion hearings, a right which is now well-established. *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth v. Tinson,* 433 Pa. 328, 249 A.2d 549 (1969); *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). The Certificate of the Chairman, however, states that petitioner signed a waiver of this right.

We have been asked to review an order of a government unit, and Pa. R.A.P. 1951(a) provides that the record to be certified to the Court for such review shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

We have before us, however, only the Board's recommitment order, its decision denying petitioner's request for administrative relief, Woods' petition for review, and the Certificate of the Chairman. In the absence of transcripts or documentary evidence, we are unable to determine the date on which petitioner's preliminary hearing was held, and whether he requested continuances of his violation hearing when he allegedly appeared before the Board for the same on August 23, 1979, and on January 29, 1980. Likewise, without documentary evidence of record or a verbatim transcript, we have no way of knowing whether Woods signed a waiver of his right to counsel, or whether he was denied that right at his May 21, 1980 violation and revocation hearings. Accordingly, we are constrained to remand this case to the Board with directions to transmit the complete record, including the above-stated transcripts and documentary evidence.

### ORDER

AND Now, the 16th day of December, 1983, this case is hereby remanded to the Pennsylvania Board of Probation and Parole with directions to transmit a complete record in accordance with this opinion.

Jurisdiction retained.