IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Wayne Ott,                :
                                      :
                    Petitioner        :
                                      :
        v.                            : No. 19 C.D. 2023
                                      : Submitted: March 8, 2024
Pennsylvania Parole Board,            :
                                      :
                    Respondent        :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: July 22, 2024


        Christopher Wayne Ott (Inmate) petitions for review from an order of
the Pennsylvania Parole Board (Board) denying Inmate's claim that the parole
revocation hearing was untimely and affirming its decision to recommit Inmate to a
state correctional institution (SCI) as a convicted parole violator (CPV) to serve 12
months' backtime when available. Inmate challenges the timeliness of the
revocation hearing. Upon review, we affirm.

                            **I. Background**

        Inmate was serving a 2-year, 3-month, 1-day to 12-year sentence and
an underlapping concurrent 1-year, 3-month, 1-day to 7-year sentence at SCI-

Rockview. Certified Record (C.R.) at 7. Inmate's original maximum sentence date was February 8, 2029. *Id.*

On February 25, 2020, the Board released Inmate on parole to an approved home plan. C.R. at 12. On May 7, 2020, the Board declared Inmate delinquent. *Id.* at 11. On May 12, 2020, authorities in Union County arrested Inmate on new criminal charges. That same day, the Board issued a warrant to commit and detain Inmate for parole violations. *Id.* at 12. The Court of Common Pleas of the 17th Judicial District (Union County Branch) (county court) set bail at $20,000, which Inmate did not post. *Id.* at 79. Inmate was confined in the county prison pending disposition of the new criminal charges. *Id.* at 26.

On October 19, 2020, Inmate pled guilty to simple assault and recklessly endangering another person. C.R. at 62. Sentencing was deferred to a later date.[1] *Id.* at 85-89. The Board verified Inmate's conviction on December 2, 2020. *Id.* at 27. Inmate remained in county prison awaiting sentencing.

On December 4, 2020, a parole agent attempted to serve Inmate with a notice of the charges for a parole revocation hearing (Form PB 257N) and notice of offender rights (Form PB 257OR). C.R. at 24. Inmate refused to exit his cell to meet with the agent. *Id.* at 24.

On June 21, 2021, the county court sentenced Inmate to serve an aggregate term of confinement of 2 to 4 years in an SCI. C.R. at 63. On July 22, 2021, the parole agent served Inmate with notice of the charges and offender rights. *Id.* at 24. Inmate requested a panel hearing. *Id.*

On August 11, 2021, Inmate was transported to SCI-Smithfield for a mandatory quarantine. C.R. at 24, 74. On September 8, 2021, he was transported

---

[1] The delay between conviction and sentencing was caused by continuances, some of which were at Inmate's request. *See* C.R. at 51.

2

to SCI-Rockview. *Id.* On September 10, 2021, parole agents again served Inmate with a notice of charges and rights. *Id.* at 35-36. Inmate signed a request for a panel revocation hearing. *Id.* at 37.

A panel revocation hearing was held on September 23, 2021, by videoconference. C.R. at 45. The hearing examiner, a Board member, parole agent Larry Snyder (Agent Snyder), Inmate, and Inmate's counsel attended the hearing. C.R. at 38-39. Inmate's counsel objected to the hearing as untimely because the hearing was held more than 120 days from the date of the official verification of the conviction – December 2, 2020. C.R. at 47.

At the hearing, Agent Snyder testified that a parole agent attempted to serve notice on Inmate on December 4, 2020, at the county prison. Agent Snyder continued:

> [Inmate] refused to exit his cell in order to meet with parole, and due to the COVID-19 protocols[,] a panel hearing was not able to be scheduled at that time. It has been the policy of and --- with the [Board] that if an offender refuses to come out or refuses to sign [a waiver], it is automatically put towards a panel, and because he was at – since this is a revocation, a panel cannot be convened for revocation out of county prison, which is why we are here at the [SCI] doing it.

C.R. at 48-49. Agent Snyder testified that, on July 22, 2021, Inmate requested a panel hearing, which Inmate later confirmed in writing on September 10, 2021. *Id.* at 49.

Inmate admitted that he refused to leave his cell and personally meet with the parole agent when the agent attempted to serve notice on December 4, 2020. C.R. at 50. Inmate explained that he did not want to risk possible exposure to COVID-19. *Id.* Inmate testified that he spoke with the agent over a speaker phone

3

and advised "that [he] did want a hearing and that [he] was not signing a waiver over the phone." *Id.* Inmate testified that the parole agent did not discuss with him the option of waiving a panel hearing so that a hearing before a hearing examiner could be held while he was in county prison. *Id.*

At the close of the hearing, the hearing examiner tabled the issue of Inmate's availability for a panel hearing noting that the circumstances at the time of the notice were "complicated" because of COVID-19. C.R. at 51. Shortly thereafter, the hearing examiner issued a hearing report recommending that Inmate should be recommitted as a CPV for 12 months without credit for the time that he spent on parole because of the assaultive nature of the new criminal offense. *Id.* at 65-73. The hearing examiner overruled Inmate's timeliness objection. The hearing examiner concluded that the hearing was timely because Inmate did not waive his right to a panel hearing while he was in the county prison, and the hearing was held within 120 days of his return to an SCI. *Id.* at 67. On September 29, 2021, the Board recommitted Inmate as a CPV as indicated by the signature of a second Board member on the hearing report. *Id.* at 72.

By decision dated December 2, 2021 (mailed December 15, 2021), the Board formally recommitted Inmate as a CPV to serve 12 months' backtime when available. C.R. at 92. The Board calculated Inmate's new maximum sentence date as September 13, 2030, and declared he would not be eligible for parole until September 29, 2022. *Id.* at 92. The Board did not award credit for the time that he spent at liberty on parole, because the new offense was assaultive in nature. *Id.* at 95.

From this decision, Inmate filed an administrative remedies form contesting the timeliness of the revocation proceedings. C.R. at 99. Inmate asserted

4

that "the [B]oard's policy of deeming an inmate refusing to personally meet with his agent in the middle of a pandemic to have refused to waive [a panel hearing] (thereby delaying his revocation hearing until return to an SCI) [was] manifestly unreasonable where [Inmate] preferred to discuss notice with his agent by an available telephone." *Id.*

By determination mailed January 6, 2023, the Board found that the revocation hearing was timely. The Board explained:

> [Inmate] returned to [an SCI] on August 11, 2021 for the first time since his February 25, 2020 release on parole. The Board conducted a panel revocation hearing 44 days later on September 24, 2021.
>
> The Board's regulation provides that "if a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [314 A.2d 842 (Pa. 1973)], the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code §71.4(1). Considering that [Inmate]'s revocation hearing was held 44 days after he returned to an SCI, his revocation hearing is therefore deemed timely.

Board Opinion, 1/6/23, at 1.[2] Upon determining that no grounds existed for administrative relief, the Board affirmed its December 2, 2021 decision. Thereafter, Inmate filed a counseled petition for review.[3]

---

[2] According to the Certified Record, the panel revocation hearing was held on September 23, 2021, C.R. at 39, which means the hearing was conducted 43 days after Inmate returned to an SCI.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported **(Footnote continued on next page…)**

5

## II. Issues

Inmate contends that the Board did not meet its burden of proving a timely revocation hearing. According to the Board's regulations, the Board was required to hold a hearing within 120 days from the date the Board received verification of the official notice of conviction, which was December 2, 2020. The Board did not hold a hearing until September 23, 2021, which is well beyond the 120-day period. Although Inmate was confined in county prison on new criminal charges, he was not "unavailable" for a hearing. The Board's regulation prohibiting panel hearings from being conducted in a county prison is no longer in accord with the law, which grants the Board access to prisoners in county prison. Furthermore, the regulation is outdated and unreasonable considering that such hearings can be held virtually, as in the case here. The Board fails to explain why holding a panel revocation hearing in a county prison would infringe upon the jurisdiction of the county court while holding the same revocation hearing before a hearing examiner does not. For these reasons, Inmate seeks dismissal of the parole violation.

## III. Discussion

Where a parolee asserts that the Board held a revocation hearing beyond the 120-day period, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely. *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 50 (Pa. Cmwlth. 2007). If the Board fails to meet its burden, the appropriate remedy is the dismissal of the parole violation

---

by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

charges with prejudice. *McDonald v. Pennsylvania Board of Probation and Parole*, 673 A.2d 27, 30 (Pa. Cmwlth. 1996).

The power of the Board to detain and recommit is subject to constitutional restraints. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). In *Morrissey*, the United States Supreme Court set forth the minimum due process requirements for a parole revocation hearing:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* "There is no question that one of the minimal due process rights to which parolees are entitled is the disposition of their parole violation charges within a reasonable time." *Carr v. Pennsylvania Board of Probation and Parole*, 494 A.2d 1174, 1176-77 (Pa. Cmwlth. 1985) (citing *Morrissey*, 408 U.S. at 488).

"By administrative regulation, the Board has determined 120 days . . . constitute[s] a reasonable time in which it must dispose of parole violation charges." *Carr*, 494 A.2d at 1177; *see* 37 Pa. Code §71.4(1). Specifically, Section 71.4(1) of the Board's regulations requires the following procedures before a parolee may be recommitted as a convicted violator:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

7

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or *confinement in a county correctional institution* where the parolee has not waived the right to a revocation hearing by a panel in accordance with [*Rambeau*], the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a[n SCI].

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision *shall be deemed to be within the jurisdiction* of the Department of Corrections *as of the date of the waiver*.

37 Pa. Code §71.4(1) (emphasis added).[4]

The purpose of the revocation hearing is to provide the parolee "'an opportunity to be heard [in person] and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest the violation does not warrant revocation.'" *Rambeau*, 314 A.2d at 848 (quoting *Morrissey*, 408 U.S. at 488). As the *Rambeau* Court explained:

It seems elementary that the right to be heard in person becomes meaningless unless the [CPV] is heard personally by the people who must make the decision regarding his recommitment, i.e., the entire [Board], not by some third party, or by only one member, who then relates the convicted violator's case, second hand, to the rest of the [B]oard.

*Id*.

---

[4] The genesis of this regulation derives from an unpublished order entered pursuant to the opinion in *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975). *See Toth v. Pennsylvania Board of Probation and Parole*, 470 A.2d 206, 207 (Pa. Cmwlth. 1984); *Taylor v. Pennsylvania Board of Probation and Parole*, 397 A.2d 849, 850 n.2 (Pa. Cmwlth. 1979); *Terrell v. Jacobs*, 390 A.2d 1379, 1380 n.2 (Pa. Cmwlth. 1978).

When the regulation was drafted, a "panel in accordance with [*Rambeau*]" referred to a hearing before a quorum of the entire Board to evaluate whether reasonable cause existed to determine that the conditions of parole were violated. *Rambeau*, 314 A.2d at 847-88. After *Rambeau*, the General Assembly amended the law to permit the Board to make decisions regarding parole revocations by a two-person panel consisting of either two Board members or a Board member and a hearing examiner,[5] as in the case here. Section 6113(b) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6113(b); 37 Pa. Code §61.1 (definition of "panel").

If a parolee confined in county prison waives his right to a panel revocation hearing, the revocation hearing before a hearing examiner must be held within 120 days of the waiver. 37 Pa. Code §71.4(1)(ii); *D'Nicuola v. Pennsylvania Board of Probation and Parole*, 467 A.2d 1383, 1385 (Pa. Cmwlth. 1983). If, however, a parolee chooses not to waive his right to a panel revocation hearing, "the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code §71.4(1)(i). "This regulation is based upon the well-established principle that the 120-day period does not begin to run until the Board acquires jurisdiction over the parolee." *Williams v. Pennsylvania Board of Probation and Parole*, 579 A.2d 1369, 1371 (Pa. Cmwlth. 1990). "[T]he period of time that [the parolee] is confined to a Pennsylvania county prison does not count towards the 120 days that the [Board] has to provide the offender with a revocation hearing" if the parolee requests a panel hearing. *Koehler*, 935 A.2d at 50. Consequently, "county-confined parolees who do not give up their right to a [panel] revocation hearing must often wait longer" than a parolee who

---

[5] A hearing examiner is "[a] Board member or a representative of the Board who conducts interviews or hearings on behalf of the Board." 37 Pa. Code §61.1.

9

chooses to waive this right. *Woods v. Pennsylvania Board of Probation and Parole*, 469 A.2d 332, 334 (Pa. Cmwlth. 1983).

This Court has consistently upheld the reasonableness of deferring a revocation hearing until return to state custody observing that "[n]othing in the law authorizes the Board to supersede the jurisdiction of a county criminal court; where a parolee is lodged in a county prison on criminal charges, the Board has no jurisdiction over the parolee until he is released by the county authorities to a[n SCI]."[6] *Hartage v. Pennsylvania Board of Probation and Parole*, 662 A.2d 1157, 1160 (Pa. Cmwlth. 1995); *Woods*, 469 A.2d at 334; *Terrell v. Jacobs*, 390 A.2d 1379 (Pa. Cmwlth. 1978); *see Wise v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 249 C.D. 2022, filed March 9, 2023); *Griffin v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 762 C.D. 2018, filed April 12, 2019);[7] *see also* Section 6132 of the Parole Code, 61 Pa. C.S. §6132. In fact, we have accorded great deference to the Board's interpretation that, for a CPV confined in a county prison, the 120-day period does not begin to run until his return to an SCI. *Major v. Pennsylvania Board of Probation and Parole*, 647 A.2d 284, 287 (Pa. Cmwlth. 1994).

Here, Inmate was confined in county prison and requested a revocation hearing by a panel. Inmate verbally requested a panel hearing on December 4, 2020,

---

[6] We note that this rule does not apply "where the parolee is at all times within the jurisdiction of the Board and is being held in a county institution, not at the request of the county authorities but at that of the Board itself," which is not the case here. *Murray v. Jacobs*, 512 A.2d 785, 789 (Pa. Cmwlth. 1986) (internal citation and quotation omitted).

[7] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

10

and again on July 22, 2021, which he later confirmed by written request on September 10, 2021. Prior to his return to an SCI on August 11, 2021, Inmate was confined outside of the Board's jurisdiction. *See* 37 Pa. Code §71.4(1)(i). The revocation hearing held on September 23, 2021 – just 43 days after Inmate's return – was timely under a plain reading of Section 71.4(1)(i) of the Board's regulations. Thus, the Board met its burden of showing that the hearing was timely under the law.

Notwithstanding, Inmate challenges the regulation itself as outdated and unreasonable and no longer in accord with the law. In support, Inmate relies on Section 6136 of the Parole Code, 61 Pa. C.S. §6136, which the General Assembly enacted in 2009 -- years after the promulgation of Section 71.4(1) of the Board's regulations. Section 6136 provides:

> All prison officials shall:
>
> (1) *At all reasonable times grant access to any offender whom the [B]oard has power to parole to the members of the [B]oard or its properly accredited representatives.*
>
> (2) At all reasonable times provide for the [B]oard or its properly accredited representative facilities for communicating with and observing an offender while imprisoned. Such facilities may, at the discretion of the prison officials, be provided via videoconferencing or similar virtual presence technology.
>
> (3) Furnish to the [B]oard, no fewer than 90 days prior to a scheduled parole interview or if an interview is scheduled to be held within less than 90 days, as quickly as possible after such public officials are informed of such interview, reports concerning the conduct of offenders in their custody together with any other facts deemed pertinent in aiding the [B]oard to determine whether such offenders shall be paroled.

11

61 Pa. C.S. §6136 (emphasis added).

Inmate contends that Section 6136 undermines the rationale of the regulation, as well as caselaw interpreting the same, by giving the Board the authority to demand "access" to county prisoners. Considering that the panel revocations are now heard by two-person panels and can be conducted virtually, Inmate asserts that there is no longer any justification to wait until a parolee is returned to the Board's jurisdiction to conduct a panel revocation hearing. Inmate also directs our attention to the following excerpt from a scholarly treatise, which provides: "Neither the Commonwealth Court nor the [] Board has ever satisfactorily explained how holding a panel revocation hearing in a county prison would infringe upon the jurisdiction of the local court of common pleas while holding the same revocation hearing before a [] Board hearing examiner does not." *See* Timothy P. Wile, Pennsylvania Law of Probation and Parole, §13.19 (3d ed., 2023).

Although we appreciate Inmate's challenge, the flaw in his argument is that there is nothing in the law that authorizes the Board to supersede the jurisdiction of a county court. *Terrell*, 390 A.2d at 1381; *see* 61 Pa. C.S. §6132. The Board's power to recommit parolees for violations of parole "shall not extend to those persons committed to county confinement within the jurisdiction of the court pursuant to 42 Pa. C.S. §9762 (relating to sentencing proceeding; place of confinement)." 61 Pa. C.S. §6132. Section 6136 of the Parole Code did not change this. Although Section 6136 grants the Board *access* to a parolee in a county institution, it does not grant the Board *jurisdiction* over him for purposes of a revocation hearing. "The Board has no jurisdiction over [a parolee] until he is returned to a[n] [SCI] and has no control over when that will occur." *Gant v. Pennsylvania Board of Probation and Parole*, 380 A.2d 510, 512 (Pa. Cmwlth.

12

1977). "Only parolees confined in a county prison who have waived the [panel revocation] hearing are deemed to be within the [Board's] jurisdiction." *Cameron v. Pennsylvania Board of Probation and Parole*, 496 A.2d 419, 421 (Pa. Cmwlth. 1985); 37 Pa. Code §71.4(1)(ii).

As for why holding a panel revocation hearing in a county prison would infringe upon the jurisdiction of the county court while holding the same revocation hearing before a hearing examiner would not, the reason lies in the difference between the two proceedings. If a parolee waives his constitutional right to a panel hearing, the hearing examiner will examine the facts of the case and make a recommendation based on the waiver, admission that the parolee violated the terms and conditions of parole, and any reports or evidence that are made available. *See, e.g.*, *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 259 (Pa. Cmwlth. 2008) (the hearing examiner will prepare a report based on the parolee's waivers and admissions). The Board will then decide whether recommitment is warranted based on that documented information. For this reason, a county-confined parolee is "deemed to be in the jurisdiction" of the Board. 37 Pa. Code §71.4(1)(ii).

Conversely, if the parolee does not waive his hearing rights, the parolee is maintaining the right to be heard in person by a two-person panel, the right to testify, present witnesses and documentary evidence, and the right to confront and cross-examine adverse witnesses. *Morrissey*, 408 U.S. at 489. This type of hearing is far more involved and would encroach upon the jurisdiction and authority of the county court. Although we recognize that with the modern technological advancements such hearings may be conducted remotely via videoconferencing, as was done here, this does not resolve the jurisdictional conflict. There are pragmatic

13

and logistical reasons for why a parolee maintaining his right to a panel revocation hearing must be within the Board's actual, as opposed to "deemed," jurisdiction.

## IV. Conclusion

Having determined that the panel revocation hearing was timely held, we affirm the Board.


_____
MICHAEL H. WOJCIK, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Wayne Ott,      :
:
            Petitioner    :
:
      v.               : No. 19 C.D. 2023
:
Pennsylvania Parole Board,    :
:
          Respondent :

## **O R D E R**

AND NOW, this 22nd day of July, 2024, the order of the Pennsylvania Parole Board, dated January 6, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge